The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit are admonished to draw a nod and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. All right, be seated, please. All right, the first case we'll hear is Clark v. Cartledge, and I guess Mr. Braga will. Yes, thank you, Your Honor. As Director of the Appellate Litigation Clinic at the University of Virginia School of Law, I'd like to introduce to the Court this morning third-year law student Dana Wallace, who satisfies the requirements for practice before this Court and who has the consent of our client to argue his appeal this morning. All right, thank you. Thank you. And we'll hear from you, Ms. Wallace. I appreciate your, I bet you put in quite a bit of work in this based on Mr. Braga's. Okay, we'll hear from you. May it please the Court, my name is Dana Wallace, and I'm representing the appellant in this case, Mr. Keith Clark. Mr. Clark's motion for an extension of time to request a certificate of appealability must be construed as a notice of an appeal as we believe that it can satisfy the elements of a notice of appeal as required by the Federal Rules of Appellate Procedure Rule 3. The rule states that a notice of appeal must contain three factors, the party taking the appeal, the judgment being appealed from, and the court to which the party is appealing. Also, didn't the Supreme Court suggest that we have to be able to read from the document itself an intent to appeal? Yes. Mr. Clark's motion easily fulfills the first factor. As his name appears in the motion no less than three times. Why don't you address the part where a motion for extension to file a certificate should be read as an intent by that document to take an appeal? It seems to me the problem in this case is he did file a request for a certificate of appealability and he did file a notice of appeal. So this person clearly knows the difference between a motion for extension of time and appeal. I think if his request for certificate of appealability were timely, that's so closely linked to the appeal that courts have given credit to that, given the defendant credit for that. But this is once removed. He clearly wanted more time to file his request and he didn't in that document say this is an appeal. He said this is a request for an extension. We have to take two steps to get to the notice of appeal, which he did file. How do we make that leap? Because courts have applied the functional equivalent test liberally, they have created a category of filings that can be construed as notice of appeals. A motion for extension of time to request a certificate of appealability we believe fits comfortably within the category created by the courts. Both certificates of appealability as a category and requests for extended time to file an  appeal. An individual who presents a filing for either of those two categories of documents is obviously taking steps to file an appeal. The notice afforded by the filings and not the motivation behind the filing should determine sufficiency. Provided that the functional equivalent test has been satisfied, and in Mr. Clark's case we believe that it has been, the law clearly supports a motion for an extension of time to request a certificate of appealability as being construed as notice that the litigant intends to appeal. In light of that and considering the Seventh Circuit ruling that has accepted that a motion for an extension of time to request a certificate of appealability can be taken as notice of an appeal, this court should join in that circuit and rule that this be considered as such. Mr. Clark's motion for an extension of time to request a certificate of appealability should also have served as notice of an appeal as the Supreme Court has stated that the requirements of the Federal Rules of Appellate Procedure Rule 3 must be applied liberally in such a way that allows a functionally equivalent document to be taken as proper notice of appeal. It is our contention that Mr. Clark's motion for an extension of time falls within that category. It has been previously laid before us in Rule 3 that an appeal must not be dismissed for failure to name a party whose intent to appeal is otherwise clear from the notice. Similarly, the Advisory Committee also notes that the right to appeal is not lost due to mere mistakes of form. The rule requiring notice is satisfied as long as there has been a filing of documents indicating intent to appeal. The document here, the intent was to get an extension. Sure, that's a step in the appellate process, but the document itself, which is what the Supreme Court asks us to look at, it's quite different when you omit the judgment or you get the wrong party or you get the wrong court. If you're indicating you're going to appeal, you're appealing with that document. But he didn't indicate that. As a matter of fact, he did file a separate notice of appeal, but it was late. We believe that there is only one reason that Mr. Clark would file for a motion for an extension of time to request a certificate of appealability, and that would be as a preliminary showing that he intends to appeal. Well, he intends in the future to appeal, but you can't get that from the document itself, that that document intends to serve as an appeal. That document intended to get an extension. We believe that the request for an extension of time served as, because it could fulfill the functional equivalent test, that it should have served as notice of an appeal. Opposing counsel has seated. A lot of circuits have held that not in the certificate of appeal context, certificate of appealability, but just when it comes to filing an extension to seek an appeal, that that does count as a notice of appeal. Even though there's an intent to appeal, someone could hypothetically change their mind in between seeking the extension and then filing the appeal, but in many, many circuits, that's considered sufficient, right? Right. So you're trying, you want us to put together, basically, a bunch of circuits have held a notice of extension, or a request for an extension serves as a notice of appeal, a bunch of circuits have held that seeking a certificate of appealability serves as a notice of appeal, and you want us to put those two things together? Yes. Basically, or in a unit? Yes. Okay. We believe that because those two sets of categories have been created, that it leaves room for the creation of a third category of filings as long as the functional equivalent test can be fulfilled. I don't take anyone to be arguing that much about the functional equivalency, whether this is adequate under Rule 3A, the person, the court, the issue being appealed. The question is this intent question, right? And is that part of the functional equivalency standard, as you understand it? No. It's a separate requirement? It is a separate requirement. The functional equivalent test only has those three factors. Okay. And courts have said, once you fulfill those three factors, that you can pursue, it can be seen as a notice of an appeal, because you have fulfilled the three requirements under the federal rules of appellate procedure. But you also need the intent to appeal has to be clear, right? Yes. Okay. And we believe that it is clear from the documents. If only because Mr. Clark was sentenced to two concurrent terms and appealed his conviction immediately after. And we don't imagine a scenario where Mr. Clark would not want to continue to exhaust all of his appellate options. What is the relief you're asking for? That he be allowed to request a certificate of appealability. Well, he did request it. And then he would be able to pursue his appeal. That is, we simply want Mr. Clark to have his day in court in pursuing his appeal. I know. But the specific relief you want is he filed a request for a certificate. How should we treat that? Do you want to skip that and just go to the appeal? Is that what you want? Do you want us to just hear the case on the merits? Or should we have to go through the step of evaluating the request for a certificate? I believe that this step, Mr. Clark is filing for a motion for an extension of time to request a certificate. And that is the step. How is it denied? Well, this is an appeal for that. So we would like him to be able to file his certificate of appealability. Okay, now, so is the next step to consider the certificate? Yes. And did the district court look at that? The district court did look at it. On December 22nd. And it denied that, right? Yes. So now what do we do? Well, he's appealing. The certificate of appealability? Or is he filing a new one here? We believe that he's appealing. Well, okay, what he filed with the district court was a motion to request more time to research his certificate of appealability. That was denied on December 22nd. So now he's appealing that denial so that he could... But the district court denied the certificate too, didn't it? No. Oh, it didn't? At least not in our documents. We did not see that. Request? There wasn't an order on January 27th? On January... I may be wrong on this one, January 27th. I believe that he did file for a certificate of appealability, but there's nothing in our docket that indicates there was a ruling on that. So there's a February 11th appeal. I have sort of the same kinds of questions. So on February 11th, there's a notice of appeal, right? Right. And so I thought the question in front of us is whether we have jurisdiction over that appeal. No? No. That's not the question? What is the question? Whether he can have the extension of time that he initially requested to file his certificate. The court denied that extension of time. I don't understand. And that's what we're appealing. Because the district court... You're appealing the denial of an extension of time? Yes, because the district court... That's discretionary, like on walk-around. I mean, the district court's... Because he fits the functional equivalent test, we thought, we believed that... Well, if you're appealing the denial of an extension, then you have to come forth with facts as to why you're entitled to the extension. And the district court abuses discretion. Don't you? Well, we believe that because they denied his motion for an extension of time, that the district court was wrong. And we're appealing that because we think he fits in the category of... I thought your issue was to appeal the merits of the case. No. Well, how can you be appealing the denial of the... You're appealing the denial of the request for an extension of time, but the only thing you filed after that was this February 11th appeal. So I don't understand. The document you're talking about is the notice of appeal was filed before the extension of time was denied. So how can it be appealing the denial of the extension of time? Do you understand what I'm saying? Yes. Okay. What's the answer? According to our records, on December 22nd, he filed that motion. Right. The motion that we're... That you think is the notice of appeal. Yes. And then on December 23rd, it was denied. Right. So how can it be appealing the thing that happened after it was filed? No, well, we're appealing that denial. Right. Okay. Well, I think the question is if the motion for an extension was a notice of appeal... Yes. ...that deprives the district court of jurisdiction at that point. Yes. And so the next day, when the juror court denied it, he didn't have any jurisdiction to rule on the motion for extension. Isn't that right? That is correct. What are we reviewing? Well, because he's appealing the court... I believe he's appealing the ruling of that court. And since appeals go forward, that this is the only court to which he would be able to appeal a district court decision. What should our order read? What are you asking us to... What kind of order do you want us to enter? That Mr. Clark would be able to pursue his... that he would be granted review of his certificate of appealability. His request, sorry, for a certificate of appealability. Is that an appealable order, the denial of a certificate of appealability? We believe so. We do. Well, I thought that you make the request to the district court and you can make the request to the circuit court. Right, but you don't appeal it. Isn't that the process? In other words, you don't appeal the denial of a certificate of appealability. Well, we're appealing the motion for the request for the extension of time. And we believe that this is the proper form to request that. Can you tell me why this is the wrong way to think about it? Your client filed, stop me if I get something wrong, a notice of appeal on February 11th. That's too late. It's more than 60 days after the December 22nd, the December 4th order. The original December 4th district court order says you lose, and I'm not giving you a certificate of appealability. There's a notice of appeal on February 11th. That's out of time, so we don't have jurisdiction over it, unless we construe the motion that your client filed on December 22nd as a notice of appeal. If that's what happened, then this is a timely appeal. We have jurisdiction. Why isn't that the right way to think about it, that this is a jurisdictional question? We believe that it is the right way to think about it. Because what we're essentially saying is that we're appealing his denial to denial from December 22nd, which would then make his appeal timely, his notice of appeal timely. If there are no further questions, I thank you for your time. Okay, thank you, Ms. Wallace. You have some rebuttal. Ms. Cole. Thank you, Your Honor. May it please the Court. My name is Susanna Cole, and I'm with the South Carolina Attorney General's Office, and I am pleased to represent the warden in the case before the Court today. And as a preliminary matter, let me say I hope I've not misunderstood the procedural question here involved, but I'm going to proceed on the basis of the briefs the way I understood the question to be. Your Honor, the salient question for the purposes of this analysis is simple. Does the document at issue provide sufficient notice to the other parties that the litigant intends to invoke the appellate court's jurisdiction? The answer to that question in this case is no. In fact, we know Mr. Clark never intended this motion as a notice of appeal, because, as Your Honor noticed, he filed a proper, albeit untimely, notice of appeal approximately 49 days after he filed this motion. Well, he also filed a request for a certificate of appealability, and I thought that was denied. Ms. Wallace said it wasn't, but I'm looking here at the docket, and it says text order, motion for certificate of appealability for the reasons set forth in the opinion order. It's denying the motion for certificate of appealability. So the court denied the motion for an extension. The court denied the motion for certificate of appealability. Correct. And then he appealed. Correct. And I have, again, right, that the motion was denied. January 27th, the court denied that on the docket. I'm looking at page 5 of the joint appendix. Yes, sir. And, again, they did deny that motion, but my understanding is that the document at issue today was the document, the motion for extension of time to request the certificate of appealability. Well, if that is the motion, if that is the notice of appeal, there was no request for a certificate of appealability because the notice of appeal then deprives the court of jurisdiction. That's correct. And so the court's order denied the motion for extension. I don't know what it is, surplusage or gratuitous. It's after the notice of appeal is filed because the motion, if we construe the motion for extension as a notice of appeal, we get into this little bit of a difficulty. What we're reviewing and whether all the procedures have been followed for getting a certificate. Correct. And it's my understanding that that motion filed again, docketed on the 22nd, that because that's the only motion that was timely to file a notice of appeal, that that's why that's the document in question that we're addressing today. Because none of the other motions could count, I don't believe, as a timely notice of appeal. So that's why that's the document we've been focusing on. Because if that one doesn't count, then all the other motions after that are not timely. Can I ask you a question about trying to figure out the intent behind the December 22nd document? If we look at what happened after that document was filed to try to figure out the intent, well, later on he filed an actual something labeled a notice of appeal. Can we look at things that happen afterwards? Don't we need to be able to figure out what that document means at the time it's filed? Is it fair to look at what happens afterwards? Well, of course, Smith v. Berry says that you should look at the four corners of the document, that you shouldn't consider the applicant's intent. However, I think it's certainly relevant when you're trying to figure out what this document actually is. And I don't think Smith v. Berry was anticipating this later line of cases, which took into consideration what the applicant had in mind, what relief they could have been seeking, what was available, what wasn't to them. So I think the fact that if you can't meet that threshold question of intent, which we believe is separate from the functional equivalency test, those are two separate issues. We agree on that, but the threshold question is intent. If you can't meet that intent question, then it doesn't matter about the other three because we just don't know what this document is. And the fact that we don't know what he intended is why this failed the functional equivalency test. If we say that you can't infer an intent to appeal from a document like this, we'd be breaking with two other circuits, right, the Seventh and the Third? I believe so. Your Honor. Well, the Seventh may have been this. The Seventh in the Wells v. Riker case, I believe, is closest on point. I'm not sure if the others. The Third is on point. The Third is using its own internal rule, but the standard for that rule is does it evince an intent to appeal. So two other circuits have looked at a document like this and said, yes, from this we can figure out why else would you want a certificate of appealability but that you want to appeal. But to be fair, I'm not sure what the document they were considering looked like. It looked a lot like this one, at least as described in the cases. And again, it was a motion for an extension of time to file a certificate of appealability filed in the district court. And both of those circuits have said fine. But we have to consider each case, the circumstances of each case. I guess what I'd be asking is, is there some way, do you have a proposed way of distinguishing those cases or would you want us to just write an opinion saying we just disagree, which is fine? Well, I think they're distinguishable for a couple of reasons. And I think you touched on this a little bit as far as you were asking what is the remedy here. And I think in a lot of those cases where this case is distinguishable, the court may have been interested in addressing some of the underlying constitutional claims on the merit. And in this case, the certificate of appealability, I might just call it the COA for ease purposes, is almost moot because there really are no underlying constitutional claims that the court would need to go back and then address if it decides it has jurisdiction even to hear this appeal. In this case, why did the district court continue to rule on the request for the COA? I don't think the district court knew what the applicant had in mind. He ruled against it after the magistrate report came in. He lost the summary judgment. Then looking upon it, he said, and also, I don't certify this appealability. Then it came in the question of what we're looking at, whether or not that was a function equivalent of an appeal, really coming to the circuit court to try to get a certificate of appealability if one is necessary in this case. But instead, the district court continued to rule on them as if it had jurisdiction. That's correct. And I think that's part of the confusion. There's a margin order each time. Instead of saying, let it go on to the circuit court, he's a pro se person. Oh, my goodness. That's correct. And I think that is how we know it didn't evince a notice of intent to the other parties because even the clerk of court in the district court didn't know what to do with it. A pro se litigant in the court is a part of the scenario confusion. Well, sure. But at some point we're going to bend this rule until it breaks. And he knew how to file a notice of appeal. So we can't say because he was pro se he didn't know what he was doing. He certainly understood that he could do that at some point. You know, it's also, isn't it equally, Smith-Firstbury does say let's not delve too much into motive and intent. And I think this is the reason why. I mean, I think you can look at the same record and say this guy has no idea what he's doing. He's going to try everything. I'll try to get a COA. I'll get an extension of an amicus COA. I'll call it an appeal. Whatever you people want me to do, I would like to appeal my case. But I also think, and again, we're having to debate what he was doing because we don't know. So I think that says a lot. But this is like a double rule of liberal construction, right? The rule itself is supposed to be construed liberally. And then when it comes to a pro se litigant trying to appeal his case, we are supposed to construe that especially liberally. So if it's hard to tell what's going on, why doesn't that break in his favor? I think a couple of reasons. For one, every time that the district court did make an order, it was almost as if he was ignoring the text orders. When he's denied a motion for consideration, excuse me, he's denied a motion for an extension, he files his next document as outside that time. And again, it's almost as if he's not reading the orders coming down from the district court. Almost like he's not a lawyer and he has no idea what's going on. That's true. But again, we have plenty of pro se applicants who can follow, who do follow the rules. And these rules are often used as a sword and they're used as a shield. And sometimes they work for us as the respondents. Sometimes they work against us. But they're supposed to mean something. And again, as an appellate lawyer, we certainly put a lot of faith in the structure of this rule. This is not a success or failure with us, right? No, sir. Exactly. So this is not a case where someone is milking the system and trying to go on and on and on. It's trying to get from the next base. He's trying to make it home. And he's the first base, he's lost. And the district court keeps saying, rather than saying, listen, I'm finished with this case. You need to go to circuit court. Instead, it makes it a ruling. I guess that's what people who are lawyers and who are not lawyers do. And they're trying to get through. I don't see it. It seems to me the intent is clear. The district court had denied circuit. That's clear, correct? Yes, Your Honor. And then he said, I want time to request one. Well, the next one is to us. But instead, the district court, rather than saying that, indicated like it just kept ruling. And he's thinking, like, I'm still knocking because nobody told me this is the wrong door yet. So I'm still knocking. Somebody just opened the door and said, listen, this is not the address. The address is in Richmond. Correct. And I think that's another example of how this isn't the functional equivalent of an appeal. Because, again, he filed it in the wrong court. Because he filed it in the wrong court, that's not an indication. Well, I think it's an example. This is not something. We don't know what he's doing. And, again, maybe he doesn't know what he's doing either. But at some point. You can't tell that he wants a certificate of appealability at the next level where he can get one? You can't tell? I don't know if he was intending to go to this court. I don't know. We don't know. And, again, that's part of the thing. But we all agree, right, if he had filed. Wait a minute. If he had filed, a notice of appeal has to be filed in the district court. Correct. And he filed in the district court. So how does that necessarily cut against his intent being to appeal? Well, again, at what point are we going to sidestep as far away from the rule? I mean, again, we're asking for five degrees of attenuation. It's not a motion for an extension of time to request a notice of appeal. And it's not a motion for a certificate of appealability. It's a motion for an extension of time to request a certificate of appeal. So, again, we're kind of moving away from what even this district has said, this circuit has said, is acceptable for notices of appeal. We've got, again, we do have two of the three requirements met. And I know it doesn't really matter if the court, the appellate court is mentioned or not. But we've just got, he's just missing so many of the marks. And at what point are we close enough or are we not? Can I ask you just a practical question? And I don't really know whether it has any bearing on the legal merits. But are there any practical concerns in a case like this about lack of notice or sort of unfair surprise? I mean, I guess if this had been treated as a notice of appeal, right, it would have gone. You guys know more about this than I do. I think it goes to our clerk's office and then the clerk's office would notify the state and there would be an informal briefing schedule. So, I mean, is there any circumstance where this could be construed as a notice of appeal and as a matter of sort of practical reality that would prejudice the state in any way? As a practical matter, we know these things come down the pipeline eventually. And we prepare for them as they come, certainly in the state. So, I mean, the question would be why do we ever care if there's a notice of appeal? Why do we not just get the certificate of appealability granted or not? I mean, why is that a requirement? If it doesn't matter, why is that a requirement? And, again, that's more of a question for the courts, actually. As a practical matter, does this change the way my work flow? It comes in when it comes in, certainly. Now, it does. Sometimes it is very helpful if I know, well, what is going on right now? And sometimes we're guided by the clerk of court's decisions when they tell us when to docket things and not. So, again, we seek direction from the courts, too, which is why for us the rule structure is important because that tells us what we need to do next. And normally you don't follow a response. Well, we've had to change that recently. We follow a response to everything now. Changing now, but we follow a response unless we wanted one. You're right, and that's what we're still navigating our way through. We're trying to make some structure out of what to do. Why should we bear such a brunt during the navigational period? It's the time of transition. It seems to me that, I mean, it's like the outfields, you know, I got it, I got it, and the ball drops. But then we're going to put it on the center field because he's the center fielder. I mean, what about the left fielder? It seems to me he's clearly wanted, and that's required. He has to have that from us. The court has to have jurisdictions. Right, exactly. Appeal, district court, and then us granting the COA. Certainly, this is a court rule, and if the court wants to waive their own rules, we won't argue with you on that. You know, the practical harm to us is really not that great. However, these rules are supposed to mean something, and again, as an appellate lawyer, they matter to us. The practical problem is that it starts to basically eliminate and undermine the Federal Rules of Civil Procedure, the appellate procedure. Yes, sir. I mean, you have a whole Rule 4, which talks about motions for extension of time and recognizing them. Well, now we don't need that anymore. Anytime somebody files a motion for extension of time or some other document, there's an automatic appeal. So these rules don't mean anything anymore, and the question is how do we function? And we have rules. They should be liberally construed, but I don't think the Supreme Court supported the notion that a document labeled and intended to obtain an extension of time would be a notice of appeal. The whole thing was a motion for extension of time and not even for taking an appeal, but for getting a certificate. Correct. And the question was put is the whole purpose for giving the pro se person some latitude is because they're not informed and they're not – but when you clearly have a circumstance where this defendant did file a request for a certificate of appealability and did file a notice of appeal, it seems to me we're not abusing him because he didn't know how to do those things. Anyway, I think the pragmatic is – the pragmatics are all the regulating rules now are basically abolished. Based on court construction, we can treat anything just to make sure we hear the merits. And I think – obviously, I agree with you, sir. I think the Smith v. Berry court would not have found this one to count. In Smith v. Berry, you had an applicant who had practically fallen all over himself to file that appeal. He filed it early. He responded to a briefing order. I don't think the Supreme Court intended this, again, further attenuation from the rules with someone who knew how to do it eventually but, again, didn't seek that appropriate remedy at the time. And that's – we understand that sometimes you need to cut someone a break. We certainly understand that. We are certainly okay if the court wants to relax its own rules. But, again, we rely on those and we like predictability and structure. These are jurisdictional provisions. They're not just like in the criminal context. Congress has laid out the scope of our review. And now we're going to construe almost anything to confer jurisdiction on us. I find that there may be an additional burden for us in construing these rules to make sure we do have jurisdiction. Well, and I would respectfully request that you deny this or find that you don't have jurisdiction to hear this case. Excuse me, to rule on this because, again, with no notice of appeal, the court's jurisdiction isn't invoked. And he simply didn't invoke in time. And we can cut him some breaks. I certainly understand that. But we need to hold him accountable. He didn't believe it was a notice of appeal. He didn't intend for it. So let's take his word for it. You said there was a notice of appeal filed, correct? He did file one in February 5th. Okay. What's the last date that the court denied his COA? Let's see. On January 27th, his motion for a certificate of appealability was denied. Well, why isn't it considered to be really a reconsideration and he's denied it anew? Any time his appeal from the time he was last denied? I don't know because I don't believe the court should have denied it that second time. But it did. So, therefore, that's the functional equivalent of a reconsideration and you deny it again. So doesn't that start the clock again? I don't think so. Why not? Because I don't think if you have we decided that there's a functional equivalent of a motion for reconsideration that holds the time for the side of the district court construed it as a reconsideration because it didn't say I have no jurisdiction to consider your COA now having done it. Instead, each time it denied it anew. So, therefore, that would have to be a reconsideration. Wouldn't the time clock start again for his appeal? But the clock had expired. So it's not a matter of tolling so much as extending that time. The clock had expired. His request for a COA was filed even later. That was construed as an appeal. Correct, Your Honor. The request for a COA that was filed on was docketed on January 26th and denied on the 27th. So that was out of time as well. So, again. Who ruled that? That it was out of time? Yeah. Well, if the December 4th order. I said who ruled it. That's you counting now. Well, that's right. You're right. They did. They did. They just did not have jurisdiction. It was untimely. That's correct. At all. That's correct. So, you know, again, we talk about the horribles of horribles of allowing this to be, but a lot of people look like it dropped the ball here in terms of procedure. Why does it fall so heavily to hammer on? Surprisingly, the person who's not a lawyer, the person who is a ward of the estate, has every difficulty and manacle literally on his hands is the one that it falls, the sword of Damocles falls on his head. Interesting in terms of a sense of justice. Well, again, if. I'm so concerned about what this does in terms of opening a door of horribles. Because I think the 30-day requirement for that notice of appeal should mean something. It doesn't mean something when, but in circumstances like this, a lot of problems with this case besides his. I think there was a lot of confusion at the district court level, certainly after the fact. The district court, right? Yes, sir. So this is a complicated case, certainly. Although, you know, again, the initial question, which is can we extend, combine those two motions. To consider them as a notice of appeal, I think it's a bit pushing it too much. And to use your baseball reference, if close only counts in horseshoes and hand grenades, then, you know, in Rule 3C, the notice requirement seems a bit, doesn't quite have the same ring to it. So we would certainly ask this court. What's the baseball analogy? Close only counts in horseshoes and hand grenades. Close don't count in baseball, Frank Robinson. Well, I thought in baseball, close means it goes, tie goes to the runner. Well, then the state can be, excuse me, the warden can be a runner in this case. We would simply ask that you find that you do not have jurisdiction. The practical impact of granting the COA in this case, or finding that you do have jurisdiction, doesn't make a whole lot of sense. It's a waste of judicial economy. So if there are no further questions. Thank you very much. All right, Ms. Wallace. Mr. Clark is a pro se litigant. The Supreme Court allows for a liberal view to be taken of documents filed by indigent and incarcerated defendants who are pro se litigants. The court has held that a pro se filing must be held to a less stringent standard than formal pleadings drafted by lawyers. This circuit has recognized that the policy of liberally constrain notices of appeals applies especially to pro se filings. I guess for pro se people, your argument has to mean that Federal Rule of Appellate Procedure 4 is no longer applicable. Because it requires how to ask for an extension. Well, we believe that Mr. Clark, because he is a pro se litigant, I'm just asking what's the implication of your argument is that pro se litigants, for them, Rule 4 is out the window. Yes. To some extent. To some extent. There should be a little more latitude given in his filings than one that would be drafted formally. Aren't there a lot of circuits in which even if he weren't a pro se litigant, if he filed, I'm getting my terminology wrong, but if he filed a motion for an extension of time to appeal, it would be treated as a notice of appeal, even if he weren't a pro se litigant. We can tell from that. Everyone can tell you want to appeal your case. Yes. I guess in those cases, I do understand Judge Niemeyer's point. So the idea is that in those cases, you're relieved of the obligation to show good cause for why you should get an extension if you file it within the first 30 days, not if you file it after, within the second 30-day period. Right. But for this circuit, this is an issue of first impression. So we would ideally want to follow the Seventh Circuit. But the Seventh Circuit didn't take both steps. In other words, you want us to take the notice of appeal to get to the certificate of appealability to the notice of appeal. You want the motion for extension to the certificate of appealability to appeal. And there have been circuits that have said a motion for extension may be indicative of an appeal. There are also circuits that have said a motion for COA is indicative of an appeal. That, to me, is a lot to argue for that. Because you can file a COA in your briefing. But I'm not sure a circuit has taken the double step. Well, for us, this comes back to sort of fulfilling the functional equivalent test. If Mr. Clark's motion can fulfill the functional equivalent test... Counsel, let me just stop you. Are you conceding that no... I mean, is it your view that no circuit has taken the double step? I count two circuits that have taken that step, the Seventh and the Third. We have no information for the Third, but the Seventh... Well, the Third is interpreted in its local rule. And the local rule addressed it specifically, the Third. So the question is, what were the facts in the Seventh Circuit case? In the Seventh Circuit case, as I recall, but, Counsel, you tell me if I'm wrong, the document was actually entitled a motion for reconsideration. And even so, the district, the appellate court, the Seventh Circuit said, yeah, yeah, it says that, but we can tell that what it really is is somebody signaling an intent to appeal. Yes. That is correct. I don't see how we can distinguish that case. Do you think there's any distinction that we could rely on to distinguish the Seventh Circuit's case? Wells? I see my time is up, if I may have leave to answer that question. Of course. In the Seventh Circuit case, he filed with the district court, and the clerk actually bumped it up to the court of appeals, even though he filed in the wrong court. So we're saying that even though our client filed with the district court, that it should, as an appeal, have been forwarded to the court. What did he file in the district court that the clerk bumped up? What was the document? It was a motion for an extension of time to request a certificate of appealability.  It was the same thing. Thank you. If there are no further questions, thank you for your time. Thank you. I want to express our appreciation for Professor Braga and Dana Wallace for their service here. I guess you participated in this, too? Okay, I want to express your appreciation for the service to the court. It's very helpful. We'll come down and greet counsel and proceed on to the next case.
judges: Paul V. Niemeyer, Roger L. Gregory, Pamela A. Harris